IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2002 Session

## KEVIN SANDERS, ET AL. v. JERRY MANSFIELD, ET AL.

**Appeal from the Chancery Court for Lincoln County**
No. 10,743     Lee Russell, Sitting by Interchange for Chancellor J. B. Cox

---

**No. M2001-01893-COA-R3-CV - Filed June 25, 2002**

---

Plaintiffs appeal an injunction preventing them from interfering with county maintenance of a public road running through their property. We affirm the trial court in this matter and uphold the injunction against Plaintiffs.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and ROBERT JONES, SP. J., joined.

Kevin Sanders, Fayetteville, Tennessee, Pro Se.

Robert W. Simms, Fayetteville, Tennessee, for the appellees, Jerry Mansfield and Donny Ray Hudson.

### OPINION

Plaintiffs/Appellants, Kevin and Patricia Sanders, own property through which Martin Hollow Road runs. The status of this road was previously adjudicated by this Court in *Sanders v. Lincoln County*, No. 01A01-9902-CH-00111, 1999 Tenn. App. LEXIS 610 (Tenn. Ct. App. Sept. 3, 1999), and it was, therein, found to be a public road. As the history of Mr. Sanders long running dispute with Lincoln County over this road is very well documented in the above referenced case previously decided by this Court, we will provide only a short summary of the current dispute.

The Lincoln County road crew was attempting to grade Martin Hollow Road and perform repairs needed due to pothole formation when Mr. Sanders approached them and requested that they stop the maintenance. Mr. Sanders had earlier taken it upon himself to perform maintenance on the road, placing gravel in the potholes, and he did not want any additional maintenance work done on the road. He was also concerned that the road crew was flinging gravel onto his fence along the road and piling gravel and dirt along the bottom of the fence.

The County requested a restraining order preventing Mr. Sanders from further interfering with the road crew's work on site. The parties had a hearing on unstipulated facts, and the judge granted the County's injunction finding that the county was entitled to maintain the road and that Mr. Sanders must use legal channels to secure change in maintenance techniques or obtain redress or an injunction. He was enjoined from physically taking any action to prevent road maintenance. He and his wife now appeal the chancery court's grant of the injunction against him.

The road is a public road. This fact is beyond dispute. There is also no question that the County has a right to maintain the road. The issue is whether Mr. Sanders has the right to interfere with maintenance at the site of the road. He cannot. Based on the history of controversy between Mr. Sanders and Lincoln County over this road and our previous decision establishing the road as a public road, we find no error in the trial court's decision to issue the restraining order against the Sanders. The judgment of the chancery court is affirmed. Costs are assessed to appellants.

_____
WILLIAM B. CAIN, JUDGE